IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNICE KING, as Mother and Next Friend of Jerica King, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 06-335-GPM ) |
| EAST ST. LOUIS SCHOOL DISTRICT #189, CHESTER BLUETTE, NATHANIEL ANDERSON, and BI-STATE DEVELOPMENT AGENCY, | ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter came before the Court on July 31, 2006, for a hearing on a motion to dismiss or, alternatively, for summary judgment filed by Defendants East St. Louis School District #189, Chester Bluette, and Nathaniel Anderson (the School District Defendants). The case previously was filed against the School District Defendants only[1] and was voluntarily dismissed. *See King v. East St. Louis School District #189, et al.*, 04-520-GPM (S.D. Ill. filed July 26, 2004; dismissed Nov. 15, 2005). Plaintiff conceded during the hearing that she was on notice of her opportunity to respond to the School District Defendants' motion with matters outside of the pleadings. The Court will consider the motion under Federal Rule of Civil Procedure 56.

The standard applied to summary judgment motions filed under Rule 56 is well-settled and

---

[1]Plaintiff now asserts a negligence claim against Bi-State Development Agency.

has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

The facts of the case are terrible. Jerica King was a 15-year-old student at East St. Louis Senior High School when she missed her bus one day after school, was denied re-entry into the school to call her mother, and was abducted and raped while she attempted to walk home. Through her mother, she sues the School District Defendants under 42 U.S.C. § 1983 for violating her due process rights. During the hearing, Plaintiff clarified that her liberty interest was violated. While the facts are horrible and the Court regrets what happened to Jerica King, her § 1983 claims simply are unsupportable under the law.

Jerica King missed her bus after meeting with a school counselor, Frank Nave, on May 4, 2004. She sues the District; Nathaniel Anderson, who is the Superintendent of the District; and Chester Bluette, who is the principal of East St. Louis Senior High School. Her theories of liability against these Defendants are that the District had a policy prohibiting students from entering the school building to use school telephones after school hours, and Anderson and Bluette promulgated

said policy. However, the School District Defendants have submitted evidence showing that no such policy or practice exists (*see, e.g.,* Doc. 9, Ex. C at 15-18 (Bluette Deposition); Doc. 9, Ex. F (Nave Affidavit)). Plaintiff has not rebutted this evidence.

It is well-established that for the District to be liable under §1983, the alleged constitutional violation must be the result of an unconstitutional policy or practice. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Moreover, "§ 1983 does not allow actions against individuals merely for their supervisory role of others. An individual cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (internal quotation omitted); *accord Kitzman-Kelley v. Warner*, 203 F.3d 454, 458 (7th Cir. 2000) ("personal involvement is a prerequisite for individual liability; there is no respondeat superior liability in the § 1983 context"). Although it is alleged that Anderson and Bluette oversaw others and established a wrongful policy, there are no allegations or proof that either of them was personally involved in any constitutional wrongdoing. *See Zimmerman*, 226 F.3d at 574. Accordingly, Plaintiff cannot establish her § 1983 claims based upon a policy or practice of denying students re-entry into school.[2]

Alternatively, Plaintiff argues that the School District Defendants *should have* promulgated a policy that teachers and/or coaches ensure that students engaged in after-school meetings or activities have an opportunity to arrange for a safe way home. Plaintiff relies on *City of Canton v. Harris*, 489 U.S. 378 (1989), for the proposition that § 1983 liability can attach for the District's failure to institute proper policies or properly train or supervise its personnel to safeguard the

---

[2]Notably, Plaintiff has not identified the person that allegedly denied her re-entry into school.

physical safety of students stranded at the school (*see* Doc. 16, ¶ 15). But under the Supreme Court's holding in *Harris*, only where the District's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its students can such a shortcoming be properly thought of as a district "policy or custom" that is actionable under § 1983. 489 U.S. at 389. Therefore, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality - a 'policy' as defined by [prior Supreme Court] cases - can a city be liable for such a failure under § 1983." *Id*. The evidence is undisputed that no such deliberate or conscious choice was made (*see* Doc. 9, Ex. C at 15-18 (Bluette Deposition); Doc. 9, Ex. D at 26-27 (Anderson Deposition); Doc. 9, Ex. F (Nave Affidavit)).

   Plaintiff also relies on cases finding liability under § 1983 "in situations where the state creates a dangerous situation or renders citizens more vulnerable to danger," *Reed v. Gardner*, 986 F.2d 1122, 1125 (7th Cir. 1993), to support her argument that there should have been some sort of policy in place. Basically, Plaintiff contends that because East St. Louis is such a dangerous and high-crime area, the School District Defendants should have taken extra measures to protect the students, such as Jerica King. As pointed out during the hearing, in the cases relied on by Plaintiff - specifically, *White v. Rochford*, 592 F.2d 381 (7th Cir. 1979), the individuals who placed the plaintiffs in danger were sued. It is interesting to note that in *White*, the superintendent of police was dismissed for lack of personal involvement. *See* 592 F.2d at 386. In light of these difficulties and the fact that Plaintiff is unable to identify the woman that denied Jerica King re-entry into school, she now seeks leave to amend her complaint to add Frank Nave as a defendant (*see* Doc. 31). The School District Defendants submitted with their motion undisputed evidence that Jerica King voluntarily visited Frank Nave without an appointment or instruction to do so, she was aware of the

time and the fact that she had missed her bus while in the counseling offices, and telephones were available to her in both the counseling offices and the principal's office before she left the school building (*see* Doc. 9, Ex. A at 43-52 (Jerica King Deposition)). In anticipation of this move by Plaintiff, the School District Defendants referred the Court to *Martin v. Shawano-Gresham School District*, 295 F.3d 701 (7th Cir. 2002). In that case, the Seventh Circuit Court of Appeals held that the school was not liable for a student's suicide because the school did not create or increase a risk to the student by suspending her from school, even if the suspension caused severe emotional distress. 295 F.3d at 710. Under *Martin*, Plaintiff still must show that Nave "used [his] authority to create an opportunity that would not otherwise have existed but for the third party's acts to occur." *Id*. at 711. As set forth above, the evidence is uncontradicted that Jerica King voluntarily visited Frank Nave without an appointment to discuss her grades and other problems (Doc. 9, Ex. A at 43-46). Frank Nave did not create a danger such that § 1983 liability will attach, and adding him as a defendant will not save Plaintiff's case.

The legal standards involved in this case were explained in practical terms by Superintendent Anderson during his deposition:

> Because the counselor does not need to know that the student is catching the bus. Just because they have an appointment, they don't ask the student do you have somewhere to go. If you make an appointment at the school, that's up to you, as a high school student, to know that, if you're going to miss the bus. If the counselor kept you, prevented you from catching your bus, that's a different issue, but whatever arrangements you may have, you don't have to tell the counselor that.

(Doc. 9, Ex. D at 31.) As regrettable as the facts are in this case, there is no § 1983 liability against the School District Defendants or Frank Nave.

For the foregoing reasons, the School District Defendants' motion for summary judgment (Doc. 8) is **GRANTED**, and Plaintiff's claims against Defendants East St. Louis School District

#189, Chester Bluette, and Nathaniel Anderson are **dismissed with prejudice**. Plaintiff's motion for leave to file an amended complaint (Doc. 31) is **DENIED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claim alleged in Count VII against Defendant Bi-State Development Agency, and that claim is **dismissed without prejudice** for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

    DATED: 08/14/06

                                          s/ G. Patrick Murphy
                                          G. PATRICK MURPHY
                                          Chief United States District Judge